# In the United States Court of Federal Claims

No. 10-311C

(Filed June 30, 2011)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| LARRY D. TALLACUS, | Contracts; pendency of claims in other courts; 28 U.S.C. § 1500; compliance with settlement agreement; 29 C.F.R. § 1614.504 |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*William R. Goode*, Attorney at Law, Tampa, FL, for plaintiff.

*Jane C. Dempsey*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, Commercial Litigation Branch, *Franklin E. White*, Jr., Assistant Director, Commercial Litigation Branch, for defendant.

**OPINION**

MARGOLIS, Senior Judge.

This matter comes before the Court on defendant the United States' motion to dismiss Count I of plaintiff Larry D. Tallacus' amended complaint. Because the Court lacks jurisdiction over plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1500 and 29 C.F.R. § 1614.504, defendant's motion is granted.

**I. BACKGROUND**

In 1997, plaintiff brought a Title VII employment discrimination action against the United States Department of Health and Human Services (the "Department") based its "failure to promote [plaintiff] or increase his [pay] grade." (Amend. Compl. ¶ 2.) The case was ultimately resolved when the Department entered into a settlement agreement to classify plaintiff as a Contract Health Service Consultant/Officer ("CHSO") and assign plaintiff duties "support[ing] his grade at GC-11 or better …." (*Id*. ¶ 4.)

In 2007, plaintiff was removed from his position as a CHSO, and placed in an Accounting Technician GS-07 position, pursuant to a reduction-in-force. (*Id.* ¶¶ 6-7.) Plaintiff

responded by filing a six-count complaint against the Department in the United States District Court for the District of Oregon for retaliation, discrimination, and breach of settlement agreement.

On April 15, 2010, the District Court dismissed plaintiff's breach of contract claim for lack of subject matter jurisdiction. On May 21, 2010, plaintiff filed a breach of contract claim against defendant in this Court.[1] On March 24, 2011, the District Court entered judgment on a jury verdict in favor of the Department on plaintiff's retaliation and discrimination claims.

## II. LEGAL STANDARD

"In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and must construe all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 93 Fed. Cl. 94, 98 (2010). Nonetheless, "[t]he plaintiff bears the burden of establishing subject matter jurisdiction, and must do so by a preponderance of the evidence." *Id.* (internal citations omitted). "The court may look at evidence outside of the pleadings in order to determine its jurisdiction over a case." *Id.* "If jurisdiction is found to be lacking, this [C]ourt must dismiss the action," pursuant to RCFC 12(h)(3). *Id.*

## III. ANALYSIS

### A.    28 U.S.C. § 1500 "Pendency of Claims in Other Courts"

Defendant argues that Count I should be dismissed because "Mr. Tallacus … has the same breach-of-contract claim pending in the United States District Court for the District of Oregon," which claim was "pending prior to filing his lawsuit in this Court …." (Mot. at 6.) Plaintiff argues that "[t]his Court has jurisdiction to consider Mr. Tallacus' breach of contract count because the facts necessary for the claim herein and the remedy requested were both different than the claim asserted in the … District of Oregon." (Resp. at 4.) Plaintiff also argues that he "did not have a breach-of-contract claim pending in the District Court [when the instant action was filed] because … the … judge opined that he lacked jurisdiction over the breach-of-contract claim and dismissed it under FRCP 12(b)(1)." (*Id*. at 6.)

28 U.S.C. § 1500 provides that the "United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States …." "Two suits are for or in respect to the same claim, precluding jurisdiction in the CFC, if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *United States v. Tohono O'Odham Nation*, 131 S.Ct. 1723, 1731 (2011).

---

[1]    Plaintiff's complaint in the instant action was later amended to include an Equal Pay Act claim.

As a threshold matter, plaintiff's breach of contract claim before this Court is based on the same operative facts as plaintiff's breach of contract claim in the District Court. In both cases, plaintiff alleged that the Department breached the settlement agreement by transferring him from CHSO to Accounting Technician, and that he suffered monetary damages as a result. (*Compare* D. Or. Compl. ¶¶ 48-52, *with* Amend. Compl. ¶¶ 8-13.) Plaintiff argues that his claims cannot be based on the same set of operative facts because his "claim for *money damages* arising from the breach of contract did not accrue until [after the first complaint had been filed]."[2] (Resp. at 9 (emphasis in original).) However, "the § 1500 bar rises … at the time the complaint is filed in the Court of Federal Claims … and … is based on well-pled allegations." *Dico, Inc. v. United States*, 48 F.3d 1199, 1203 (Fed. Cir. 1995). Plaintiff's District Court complaint alleges that he suffered monetary damages, and that he is entitled to "[b]ack pay, restoration of any benefits lost or reduced …, and any corresponding front pay …" as a result of the breach. (*Compare* D. Or. Compl. at 11, *with* Amend. Compl. at 9 (requesting damages for diminished salary).) Regardless of whether plaintiff's claim for damages had actually accrued, it was nonetheless based on the same set of operative facts as the breach of contract claim in the District Court.

The Court also finds that plaintiff's breach of contract claim was pending in the District Court when the instant action was filed.[3] The weight of authority suggests that a dismissed claim is still "pending" until the time for appeal of the dismissal has expired.[4] *See Vero Technical Support, Inc. v. United States,* 94 Fed. Cl. 784, 791-96 (2010) (granting motion to dismiss where claim pending in District Court had been dismissed but time for appeal had not run) (citing *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002)); *Jachetta v. United States*, 94 Fed. Cl. 277, 281-84 (2010) (same); *Firebaugh Canal Water Dist. v. United States*, 70 Fed. Cl. 593, 597-99 (2006) (same); *cf. UNR Industries, Inc. v. United States*, 962 F.2d 1013, 1024 (Fed. Cir. 1992) (affirming dismissal of action on cert. to Supreme Court). *But see Young v. United States*, 60 Fed. Cl. 418, 425 (2004) (holding that claim dismissed by District Court was not pending despite possibility of appeal). It is undisputed that the time for plaintiff to appeal the dismissal of his breach of contract claim in District Court had not yet passed when this action was filed;

---

[2] Although plaintiff's salary as an Accounting Technician was initially the same as his CHSO salary, plaintiff claims that he "suffered monetary losses by losing his GS-11 grade" when the pay rate for GS-11 employees was increased on January 1, 2010. (Amend. Compl. ¶ 13.)

[3] "The question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1548 (Fed. Cir. 1994)

[4] This is because, "[b]y commencing a suit in the district court, plaintiff engaged a process that carries with it a right to an appeal … [;] [s]o long as that right remains exercisable, the process of which it is a part is properly regarded as pending." *Vero Technical Support*, 94 Fed. Cl. at 794 (citations omitted). To hold otherwise would cause "inefficiency and court overlap" by requiring the Court to exercise jurisdiction over a claim that may ultimately be reinstated by the District Court. *Id.* at 795.

indeed, plaintiff did not have to file an appeal of the dismissal order until 60 days after entry of final judgment on March 24, 2011 by the District Court.  *See* Fed. R. App. Proc. 4(a)(1)(B).  Plaintiff's breach of contract claim was therefore still pending in the District Court at the time this action was filed on May 21, 2010.  Accordingly, plaintiff's breach of contract claim must be dismissed.

**B.    29 C.F.R. § 1614.504 "Compliance with Settlement Agreements"**

Defendant argues that the Court lacks jurisdiction over plaintiff's breach of contract claim because, under 29 C.F.R. § 1614.504, a Title VII[5] settlement agreement can only be addressed by the Equal Employment Opportunity Commission ("EEOC"), which may order compliance or reinstate the original complaint.  (Reply at 7.)  Plaintiff argues that the Court has jurisdiction because "monetary damages are the default remedy for breach of contract …."  (Resp. at 13 (quoting *Mastrolia v. United States*, 91 Fed. Cl. 369, 380-81 (2010)).)

"The government's consent to suit under the Tucker Act [28 U.S.C. § 1491] does not extend to every contract."[6]  *Rick's Mushroom Service, Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (holding that plaintiff's "cost-share agreement" with the Government does not give rise to claim for damages).  "The Tucker Act is merely a jurisdictional statute and does not create a substantive cause of action."  *Id.*  The Court must therefore determine whether the contract at issue is one that "creates a right to recovery of money damages against the United States."  *Id.*

Because the Government's breach of the settlement agreement does not create a right to recovery of money damages, the Court lacks jurisdiction to hear plaintiff's claim.  Under 29 C.F.R. §1614.504, a plaintiff who contends that the Government breached a Title VII settlement agreement "*shall* notify the [EEOC] Director," and "may request that the terms of settlement agreement be specifically implemented or, *alternatively*, that the complaint be reinstated …."  29 C.F.R. §1614.504(a) (emphasis added).  If the plaintiff is "not satisfied with the [employing] agency's attempts to resolve the matter," the plaintiff "may appeal to the [EEOC] for a determination as to whether the agency has complied with the terms of the settlement agreement or decision."  29 C.F.R. §1614.504(b).  If the EEOC determines that the Government breached the settlement agreement, the EEOC "may order such compliance or it may order that the complaint be reinstated for further processing from the point processing ceased."  29 C.F.R. §1614.504(c).  Because "the regulation is silent as to whether an employee may proceed to federal court," *Munoz v. Mabus*, 630 F.3d 856, 861-63 (9th Cir. 2010) (affirming dismissal of

---

[5]    "Title VII" refers to Title VII of the Civil Rights Act of 1964; it prohibits employers from discriminating against employees or applicants based on race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2.

[6]    The Tucker Act provides that: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States … upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).

claim for Government's breach of Title VII settlement), United States Circuit Courts of Appeals have consistently held that 29 C.F.R. §1614.504 "*does not* authorize a suit to enforce the settlement agreement but rather *only* the reinstatement of the original discrimination complaint," *Lindstrom v. United States*, 510 F.3d 1191, 1193-96 (10th Cir. 2007) (emphasis added) (affirming dismissal of claim for Government's breach of Title VII settlement agreement); *see also Frahm v. United States*, 492 F.3d 258, 261-63 (4th Cir. 2007) (same); *cf. Thompson v. McHugh*, 388 Fed. Appx. 870, 873-74 (11th Cir. 2010) (affirming dismissal of claim for rescission of Title VII settlement agreement based on mental incapacity).[7] Consistent with this reasoning, the U.S. Court of Federal Claims has recognized that "monetary damages are not available for a breach of a Title VII settlement agreement." *Schnelle v. United States,* 69 Fed. Cl. 463, 466-67 (2006) (dismissing breach of Title VII settlement agreement claim for lack of jurisdiction). "Because the plaintiff has no right to money damages for breach of his settlement agreement[]," the Court lacks jurisdiction under the Tucker Act to consider such claims. *Id.*; *see also Phillips v. United States*, 77 Fed. Cl. 513, 518-19 (2007) (dismissing breach of Title VII settlement agreement claim for lack of jurisdiction); *Buehler v. United States*, No. 06-382C, 2007 WL 5161793, at *2 (Fed. Cl. May 16, 2007) (same).[8] Plaintiff's breach of contract claim must therefore be dismissed.[9]

## IV. CONCLUSION

For the reasons set forth above, Count I of plaintiff's amended complaint is dismissed.

s/ Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims

---

[7] *See also*, *e.g.*, *Fairfax v. Astrue*, No. 09-2160, 2010 WL 4703554, at *5-6 (E.D.Pa. Nov. 18, 2010) (dismissing breach of Title VII settlement agreement against Government); *Sawyer v. Nicholson*, No. 06-CV-5907, 2010 WL 4510954, at *28-29 (N.D. Ill. Nov. 1, 2010) (same); *Douglas v. Gates*, No. 3:08cv123, 2010 WL 1380160, at *4 (N.D. Fla. March 31, 2010) (same).

[8] *But see Mastrolia*, 91 Fed. Cl. at 380-81 (denying motion to dismiss claim for breach of Title VII settlement agreement against Government); *Patterson v. United States*, 84 Fed. Cl. 583, 584-85 (2008) (same); *Greenhill v. United States*, 81 Fed. Cl. 786, 792 (2008) (same).

[9] Plaintiff claims that 29 C.F.R. § 1614.504 "has nothing to do with settlement agreements reached in District Court civil actions," like the one in this case, and "only pertains to settlement agreements reached during the administrative complaint process …." (Letter from William R. Goode, Counsel for Plaintiff, to the Court, Apr. 25, 2011, Ex. A to May 10, 2011 Order.) However, plaintiff's interpretation directly contradicts the plain language of the regulation, which states that "[*a*]*ny* settlement agreement … reached at *any* stage of the complaint process, shall be binding on both parties." 29 C.F.R. § 1614.504(a) (emphasis added).