# In the United States Court of Federal Claims

No. 10-311C
Filed: October 17, 2013

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| | \* | 28 U.S.C. § 1331 (federal question); |
| LARRY D. TALLACUS, | \* | 28 U.S.C. § 1391(e)(1) (venue); |
| | \* | 28 U.S.C. § 1631 (transfer to cure want |
| Plaintiff, | \* | of jurisdiction); |
| | \* | 29 U.S.C. § 206(d) (Equal Pay Act); |
| v. | \* | 29 U.S.C. § 216(b) (jurisdiction under |
| | \* | the Fair Labor Standards Act); |
| THE UNITED STATES, | \* | 42 U.S.C. § 2000e *et seq.* (Civil Rights |
| | \* | Act, Title VII); |
| Defendant. | \* | RCFC 40.1 (reassignment). |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Martin C. Dolan**, Dolan Griggs, LLP, Portland, Oregon, Counsel for Plaintiff.

**Jane C. Dempsey**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND ORDER LIFTING STAY AND DENYING TRANSFER

**BRADEN**, *Judge*.

On September 25, 2013, a Consent Motion ("Consent Mot.") was filed requesting that the court transfer this case back to the United States District Court for the District of Oregon ("District Court"), pursuant to 28 U.S.C. § 1631, because the United States Court of Federal Claims does not have subject matter jurisdiction to adjudicate allegations concerning a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*[1]

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY.[2]

Plaintiff is an employee in the Portland Area Office of the Indian Health Service ("IHS"), an agency within the Department of Health and Human Services ("HHS").  Am.

---

[1] The Equal Pay Act, 29 U.S.C. § 206(d), is part of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

[2] The relevant facts were derived from the September 22, 2010 Amended Complaint ("Am. Compl.") and the September 25, 2013 Consent Motion.

Compl. ¶ 2.  In 1997, Plaintiff filed a Complaint in the District Court, alleging that the IHS violated Title VII of the Civil Rights Act by failing to promote Plaintiff or increase his pay grade.  Am. Compl. ¶ 2; Consent Mot. 1–2.  In 2000, Plaintiff and the IHS signed an agreement settling the Title VII District Court case ("Settlement Agreement").  Am. Compl. ¶ 3.  The Settlement Agreement provided that the IHS would pay Plaintiff a sum certain and change his job description to Contract Health Service Consultant/Officer ("CHSO") at a GS-11 pay grade in exchange for dismissal of the 1997 District Court Complaint.  Consent Mot. 2.

In August 2007, the IHS Portland Area Office implemented a reduction in force.  As a result, on November 29, 2007, Plaintiff was assigned to the position of Accounting Technician.  Am. Compl. ¶ 7.  Notwithstanding this reassignment to a lower-level position, Plaintiff retained the same salary as a GS-11 CHSO.  Am. Compl. ¶ 13; Consent Mot. 2.

In December 2007, Plaintiff filed a petition with the Merit Systems Protection Board ("MSPB") to appeal the IHS's reduction in force and his reassignment to the Accounting Technician position.  Consent Mot. 2–3.  Subsequently, the MSPB affirmed the IHS's decision.  Consent Mot. 3.  In May 2008, Plaintiff filed a second Complaint in the District Court to review the MSPB's determination, simultaneously alleging a violation of Title VII, a breach of contract claim, and a retaliation claim.  Consent Mot. 3.  On April 15, 2010, the District Court dismissed Plaintiff's breach of contract claim for lack of subject matter jurisdiction.  *See* Opinion and Order, *Tallacus v. Sebelius* (No. 08-591), Dkt. 64.  After a trial, the District Court entered a judgment on March 24, 2011, concluding that it did not have subject matter jurisdiction over Plaintiff's breach of contract claim.  *See* Judgment, *Tallacus v. Sebelius* (No. 08-591), Dkt. No. 113.

On May 21, 2010, Plaintiff filed a Complaint in the United States Court of Federal Claims alleging that the IHS breached the Settlement Agreement by: implementing the reduction in force; removing Plaintiff from the CHSO position; and reassigning him to the position of Accounting Technician.  On July 4, 2010, the IHS reassigned Plaintiff from the Accounting Technician position to CHSO for the Portland Area Office at a GS-11 pay grade.  Am. Compl. ¶¶ 16–17.

On September 22, 2010, Plaintiff filed an Amended Complaint that also alleged the IHS violated the Equal Pay Act, 29 U.S.C. § 206(d), as a result of a pay disparity between Plaintiff and several similarly qualified female CHSO incumbents.  Am. Compl. ¶ 14.[3]  Specifically, the Amended Complaint alleged that when Plaintiff was reassigned to the position of a GS-11 CHSO, he was paid less than female CHSOs with similar responsibilities who were paid at a GS-14 or GS-13 level.  Am. Compl ¶ 25.  In addition, in the past, individuals who performed aspects of Plaintiff's job in the Portland Area Office were paid higher wages.  Am. Compl. ¶ 25.  The Amended Complaint requested money damages for lost pay, liquidated damages for the Government's bad faith conduct and Plaintiff's

---

[3] Plaintiff's Equal Pay Act claim is herein referred to as the FLSA claim, to conform to how it is described by the parties.

reinstatement at a higher GS pay grade.  Am. Compl. 9.  In the aggregate, these claims appear to exceed $10,000.  Am. Compl. 9–10.

On February 4, 2011, the Government filed a Motion To Dismiss, In Part, arguing that the court did not have jurisdiction over Plaintiff's breach of contract claim, pursuant to 28 U.S.C. § 1500, because the District Court suit was pending prior to the filing of the lawsuit in this court.  In addition, the Government argued that a breach of the Settlement Agreement necessarily did not establish a right to recover money damages.

On June 30, 2011, Senior Judge Lawrence S. Margolis, then presiding over this case, issued an opinion dismissing Plaintiff's breach of contract claim under 28 U.S.C. § 1500, but did not adjudicate Plaintiff's FLSA claim.  *See Tallacus v. United States*, 99 Fed. Cl. 235 (2011).[4]

In May 2012, Plaintiff added the breach of contract claim to a new action proceeding before the District Court.  That claim, like the one dismissed by Senior Judge Margolis, alleged that the IHS breached the Settlement Agreement by actions taken in connection with the reduction in force.

_____

[4] Neither Senior Judge Margolis' decision nor the Consent Motion addressed the court's jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1500.

The United States Court of Federal Claims has no jurisdiction over a claim if the plaintiff has another suit "for or in respect to" that claim pending against the United States in another court.  28 U.S.C. § 1500.  More specifically, jurisdiction is precluded if the two lawsuits are based on substantially the same operative facts, regardless of the relief sought in each suit.  *See United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1731 (2011) (interpreting "for or in respect to" as requiring that claims be "based on the same operative facts, regardless of the relief sought").

The FLSA claim in this case alleges that the IHS's decision on July 4, 2010 to award Mr. Tallacus a GS-11 pay grade violated the Equal Pay Act's prohibition on gender-based discrimination.  In contrast, the District Court case was filed in 2007, three years before the July 4, 2010 IHS decision.  Thus, the FLSA claim involves facts that are related to—and follow logically from—the facts underpinning the District Court lawsuit.  The District Court lawsuit involves events that all precede July 4, 2010, whereas the FLSA claim involves events postdating July 4, 2010.  Therefore, the two are not based on "substantially the same operative facts." *Tohono*, 131 S. Ct. at 1731.

Nor does the FLSA claim "*arise from* the same operative facts" as those at issue in the District Court case.  *See Harbuck v. United States*, 378 F.3d 1324, 1329 (Fed. Cir. 2004) (emphasis added).  It would "require[] different conduct," occurring in different time periods, on the part of the IHS for Plaintiff to prevail in both the District Court lawsuit and the FLSA claim filed in this action.  *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1168 (Fed. Cir. 2011).  Here, the "facts that . . . give rise to [his District Court lawsuit]  . . . are not legally operative for establishing" that the IHS violated the Equal Pay Act, because Plaintiff's FLSA claim involves events that only postdate the reduction in force.  *Id.* at 1168.  Therefore, the court has determined that it is not divested of subject matter jurisdiction under § 1500, as to Plaintiff's FLSA claim.

On June 27, 2013, Senior Judge Margolis *sua sponte* issued a stay in this case in light of two recent opinions issued by the United States Court of Appeals for the Federal Circuit, bearing on whether the court had jurisdiction over Plaintiff's breach of contract claim. In the first case, the appellate court held that the United States Court of Federal Claims had jurisdiction over claims alleging breach of a Title VII settlement agreement. *See Homes v. United States*, 657 F.3d 1303, 1312 (Fed. Cir. 2011). In the second case, on March 26, 2013, the appellate court held that "once a claim is dismissed or denied, it is no longer 'pending' for § 1500 purposes until a motion for reconsideration or notice of appeal is filed." *Brandt v. United States*, 710 F.3d 1369, 1379–80 (Fed. Cir. 2013).[5]

Upon the retirement of Senior Judge Margolis, on August 29, 2013, this case was reassigned to the undersigned judge, pursuant to Rule 40.1 of the Rules of the United States Court of Federal Claims.

On September 25, 2013, the Government filed a Consent Motion to Transfer Plaintiff's FLSA claim to the District Court, pursuant to 28 U.S.C. § 1631. Consent Mot. 6. On September 27, 2013, the court held a telephone status conference to discuss the pending motion, wherein the court indicated it would grant the Consent Motion. After further research, the court has reconsidered and determined that ruling was in error.

## II.   WHETHER THE UNITED STATES COURT OF FEDERAL CLAIMS HAS JURISDICTION TO ADJUDICATE A CLAIM ARISING UNDER THE FAIR LABOR STANDARDS ACT.

The Consent Motion argues that the court should transfer Plaintiff's FLSA claim to the District Court, pursuant to 28 U.S.C. § 1631.[6]  Consent Mot. 9–10 (concluding that *United*

---

[5] But, on May 29, 2013, the United States Court of Appeals for the Ninth Circuit affirmed the District Court's 2011 decision that it did not have subject matter jurisdiction over Plaintiff's breach of contract claims. *See Tallacus v. Sebelius*, No. 12-35046, 2013 WL 2321923 (9th Cir. May 29, 2013).

[6] Section 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

*States v. Bormes*, 133 S. Ct. 12, 18 (2012) stands for the proposition that the "Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies"). Therefore, when a statute establishes a self-executing remedial framework, the United States Court of Federal Claims lacks jurisdiction, because a "precisely drawn, detailed statute pre-empts more general remedies . . . [and] supersedes the gap-filling role of the Tucker Act." Consent Mot. 10 (quoting *Bormes*, 133 S. Ct. at 18) (internal citations and quotations omitted).

The Consent Motion also argues that the Fair Labor Standards Act, of which the Equal Pay Act is a part, is a detailed remedial statute that displaces this court's jurisdiction under the Tucker Act, as it "establishes liability, a cause of action, a measure of damages, and an applicable statute of limitations." Consent Mot. 6. Therefore, this court does not have jurisdiction to adjudicate Plaintiff's FLSA claim. Consent Mot. 6. Moreover, when a law imposing monetary liability contains internally specified judicial remedies, the Tucker Act does not apply. Consent Mot. 6 (citing *Bormes*, 133 S. Ct. at 12).

Finally, this case originally could have been brought in the District Court, because Plaintiff's FLSA claim falls within 28 U.S.C. § 1331 and venue is proper in the District Court under 28 U.S.C. § 1391(e)(1).[7] Consent. Mot. 11–12. Transfer, however, rather than a dismissal, is in the interest of justice here, because Plaintiff's FLSA claim is "nonfrivolous and as such should be decided on the merits." Consent Mot. 12 (quoting *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987)).

The United States Court of Federal Claims has jurisdiction under the Tucker Act "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . the Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (citations omitted). Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself.").

In *Bormes*, the United States Supreme Court considered whether the Little Tucker Act, 28 U.S.C. § 1346(a)(2), waives the sovereign immunity of the United States with respect to damages actions for violations of the Fair Credit Reporting Act ("FCRA"). *See Bormes*, 133 S. Ct. at 15. In answering this question, the Court held that, "[w]here, as in FCRA, a statute

---

[7] Section 1391(e)(1) provides that suits against the United States may be filed in any judicial district where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1).

contains its own self-executing remedial scheme, [the lower federal courts must] look *only to that statute* to determine whether Congress intended to subject the United States to damages liability." *Id.* at 17 (emphasis added).  In addition, the Court stated that the "Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies.  In that event, the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute." *Id.* at 18; *see also King v. United States*, 112 Fed. Cl. 396, 399 ( 2013) (explaining that "the Tucker Act may not be invoked to provide jurisdiction *independently and instead of the terms of a detailed remedial statute*." (emphasis added)).  For this reason, the United States Court of Federal Claims has jurisdiction under the Tucker Act when jurisdiction is "authorized by the terms of the [detailed remedial] statute," and "where a statute with a comprehensive remedial scheme provides for its own waiver of sovereign immunity independent of the Tucker Act." *King*, 112 Fed. Cl. at 399.

Therefore, the court first will determine whether the terms of a statute—here, the FLSA—specifically provide the required waiver of sovereign immunity.  *See Bormes*, 133 S. Ct. at 17 (explaining that lower courts must "look only to [the terms of a detailed remedial statute] to determine whether Congress intended to subject the United States to damages liability").  Next, the court will examine the "purpose of the [FLSA], the entirety of its text, and the structure of review that it establishes" to determine jurisdiction.  *See Horne*, 133 S. Ct. 2053, 2062–63 (2013) (quoting *United States v. Fausto*, 484 U.S. 439, 444 (1988)).

The United States Court of Appeals for the Federal Circuit has held that the FLSA contains an express waiver of sovereign immunity.  *See El-Sheikh v. United States*, 177 F.3d 1321, 1324 (Fed. Cir. 1999) (concluding that the "[Fair Labor Standards] Act waives the United States' sovereign immunity" for suits by employees of the United States); *see also Saraco v. United States*, 61 F.3d 863, 865–66 (Fed. Cir. 1995) (same).  In these cases, the appellate court explained that the "1974 amendments to the FLSA expanded the definition of 'employee' under the Act to include 'any individual employed by the government of the United States . . . in any executive agency.'" *King*, 112 Fed. Cl. at 399 (quoting 29 U.S.C. § 203(e)(2)(A)).  That provision, when read together with the "private right of action in 29 U.S.C. § 216(b), provides an explicit waiver of sovereign immunity authorizing federal employees to sue their employer, the United States." *Id.* (citing *El-Sheikh*, 177 F.3d at 1323–24).  Because the terms of the FLSA explicitly waive the sovereign immunity of the United States, the only remaining issue is whether the court has jurisdiction to adjudicate Plaintiff's FLSA claim in this case.

"[T]he Supreme Court has recognized that jurisdiction in the [Court of Federal Claims] (or its predecessors) is foreclosed where Congress has prescribed a different, specific avenue for review." *King*, 112 Fed. Cl. at 399 (citing *Bormes*, 133 S. Ct. at 18).  And Congress, of course, may "precisely define[] the appropriate forum." *Hinck v. United States*, 550 U.S. 501, 507 (2007).  When a statute provides a "ready avenue" for assertion of claims, that statute withdraws this court's jurisdiction under the Tucker Act.  *See Horne*, 133 S. Ct at 2063 (determining that the Agricultural Marketing Agreement Act of 1937 ("AMAA"), which vests the "District Courts of the United States" with jurisdiction, "withdraws Tucker Act jurisdiction" in the United States Court of Federal Claims).

Therefore, as the *King* court recognized, "the FLSA authorizes suits by federal employees against the United States in the [Court of Federal Claims,] because the FLSA provides for judicial review 'in *any* Federal . . . court of competent jurisdiction,'" and this court is one of competent jurisdiction.   *See King*, 112 Fed. Cl. at 400 (quoting 29 U.S.C. § 216(b)); *see also Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 380 (2d Cir. 2003) (explaining that a "court of competent jurisdiction . . . [is] a court that has jurisdiction to hear the claim brought before it").   Moreover, the FLSA's jurisdictional grant is broader than the statutes at issue in both *Bormes* and *Horne*.   *Compare* 15 U.S.C. § 1681p (stating that suits under the FCRA are proper "in any appropriate United States district court"), *and* 7 U.S.C. § 608c(15)(B) (stating that under the AMAA "[t]he District Courts of the United States in any district where such handler is an inhabitant, or has his principal place of business, are hereby vested with jurisdiction"), *with* 29 U.S.C. § 216(b) (allowing an action under the FLSA to be maintained "in any Federal or State court of competent jurisdiction"). As such, far from providing a "different, specific avenue for review" in another court, by FLSA's specific terms, cases may be heard in any court, state or federal.   These protections extend, *inter alia*, to "any individual employed by the Government of the United States" in any executive agency, unit of the judicial branch or as a civilian in the military.   *See* 29 U.S.C. § 203(e)(2)(A).

This case also differs from *Bormes*, wherein the plaintiffs attempted to "mix and match FCRA's provisions with the Little Tucker Act's immunity waiver to create an action against the United States." *Bormes*, 133 S. Ct. at 19. Here, the FLSA "confer[s] the right to recover money from the United States, that is, the FLSA contain[s] the requisite waiver of sovereign immunity." *Saraco*, 61 F.3d at 865. In allowing suits to be maintained in any court of competent jurisdiction, including the United States Court of Federal Claims, the FLSA's "remedial and humanitarian" purposes are effectuated. *See Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590 (1944) (discussing the goals and purposes of the FLSA).

Of course, "an additional remedy in the Court of [Federal] Claims is foreclosed *when it contradicts the limits of a precise remedial scheme*." *Bormes*, 133 S. Ct. at 18 (emphasis added). In this case, however, the court's exercise of jurisdiction over Plaintiff's claim is consonant with the FLSA, because that statute provides for jurisdiction "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Indeed, the remedial scheme established by the FLSA, as noted by the *King* court, "do[es] not limit jurisdiction to the federal district courts or bar this court's ability to hear FLSA claims against the federal government. Rather, the FLSA's broad forum provision provides for cases to be heard in any court." *King*, 112 Fed. Cl. at 400. In addition, as the *King* court observed, "the Supreme Court did not . . . [hold] in *Bormes* that any statute containing a 'detailed remedial scheme' necessarily eliminates the [Court of Federal Claims] from hearing cases under that scheme." *King*, 112 Fed. Cl. at 399. *Bormes* determined that in the presence of a sufficiently detailed remedial statute, courts must look to the terms of that statute—and not to the more general provisions of the Tucker Act—to determine if jurisdiction in the United States Court of Federal Claims is proper and whether there has been the requisite waiver of sovereign immunity. *Bormes*, 133 S. Ct. at 17–18; *see also Horne*, 133 S. Ct. at 2062–63 (explaining

that lower courts must determine if jurisdiction in the United States Court of Federal Claims is proper based on a thorough review of the detailed remedial statute).[8]

The Tucker Act and the court's jurisdiction are not summarily displaced by the presence of a comprehensive remedial scheme. Rather, the United States Supreme Court has held "[w]here a specific statutory scheme provides the accoutrements of a judicial action, *the metes and bounds of the liability Congress intended to create can only be divined from the text of the statute itself*." *Bormes*, 133 S. Ct. at 19 (emphasis added). It is only when an additional remedy "contradicts the limits of a precise remedial scheme" that adjudication in this court is foreclosed. *Id.* at 18 ("[A]n additional remedy in the Court of Claims is foreclosed when it contradicts the limits of a precise remedial scheme.").

Since the FLSA expressly waives sovereign immunity and allows for suits to be maintained in any court of competent jurisdiction, the United States Court of Federal Claims has jurisdiction to adjudicate Plaintiff's FLSA claim.

## III.   CONCLUSION

For the reasons discussed herein, the Consent Motion To Lift Stay And To Transfer is granted, insofar as it requests that the court lift the June 27, 2013 stay, but denied, insofar as it requests a transfer to the United States District Court for the District of Oregon.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

---

[8] The court recognizes that *Foster v. United States*, 111 Fed. Cl. 658 (2013) read *Bormes* broadly, determining that, "[i]f 'statutory provisions afford . . . a ready avenue to bring [a claim],' those provisions effectively withdraw Tucker Act jurisdiction." *Id.* at 664–65 (quoting *Horne*, 133 S. Ct. at 2063) (alterations in original). To the extent that *Bormes* stands for the broader proposition articulated in *Foster*, that case is easily distinguishable, because the statute at issue in that case provided for original jurisdiction in "[t]he district courts of the United States." *Foster*, 111 Fed. Cl. at 663 (quoting 38 U.S.C. § 1975); *see also King*, 112 Fed. Cl. at 400 n. 4 (same). In contrast, the FLSA provides for jurisdiction "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Because the United States Court of Federal Claims is not a "district court," the assertion of jurisdiction in *Foster* would have been improper. *See, e.g., Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1378 (Fed. Cir. 2007) (concluding that the United States Court of Federal Claims is not a "district or division," as those terms are used in 28 U.S.C. § 1404(a), that allows a district court to "transfer any civil action to any other district or division").